UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

_____

| | |
|---|---|
| OCTAVE YEDIOUSSIGUE, | ) |
| Plaintiff, | ) |
| | ) |
| -against- | ) |
| | ) |
| ADAMS FAIRACRE FARMS, | ) |
| And  MATTHEW GRANER | ) |
| | ) |
| INDIVIDUALLY, | ) |
| And as Employee of | ) |
| ADAMS FAIRACRE FARMS., | ) |
| | ) |
| | ) |
| Defendants. | |

**COMPLAINT**
**JURY TRIAL DEMANDED**
**CIVIL ACTION No. :**
**22-CV-5209**

_____

Plaintiff, OCTAVE YEDIOUSSIGUE, by and through his attorney, Ryanne Konan, hereby affirms to the best of his knowledge, under the pains and penalties of perjury, as and for his Complaint in this action against  ADAMS FAIRACRE FARMS, and MATTHEW GRANER   as follows:

### <u>NATURE OF CLAIMS</u>

1.  Plaintiff in the above captioned matter was a victim of  the Family  and Medical Leave Act (FMLA) retaliation  when his  prior employer, ADAMS FAIRACRE FARMS, through its supervisor/manager, MATTHEW GRANER, terminated Plaintiff's employment because Plaintiff requested medical leave due to a shoulder. Plaintiff was retaliated against when  he requested medical leave.

2. Accordingly, this action is brought to remedy a violation of Plaintiff's rights actionable under 29 U.S.C. 2611(4)(A), Title VII of the Civil Rights Act of 1964(42 USC § 2000), and 42 U.S.C. 12102(5)(A), Executive Law §§ 292(1)(5), and New York State Human Right Law.

## JURISDICTION AND VENUE

3. This action arises from the discriminatory termination actionable under 29 U.S.C. 2611(4)(A) and 42 U.S.C. 12102(5)(A), Title VII of the Civil Rights Act of 1964(42 USC § 2000).

4. This Court has jurisdiction over this matter pursuant to 28 USC §§§ 1331, 1343(a)(3) and (4), and 1367(a).

5. Venue is proper in this district pursuant to 28 U.S.C § 1391(b)(2) because a substantial part of the events or omissions giving rise to this action occurred in this district.

## PARTIES

6. OCTAVE YEDIOUSSIGUE is a resident of New York.

7. Defendant-Employer, ADAMS FAIRACRE FARMS(ADAMS hereinafter) is a New York based services company. ADAMS is headquartered at 765 Dutchess Turnpike, Poughkeepsie, NY 12603.

8. Defendant MATTHEW GRANER was the supervisor/ manager at ADAMS at the time of the incident and upon information and belief, a citizen of New York. Supervisor / Manager Matthew Graner has the power, and authority to hire, and to terminate employment.

## **FACTUAL ALLEGATIONS**

9.  Octave Yedioussigne (Plaintiff hereinafter) resides at  13 Dean Pl, Apt 2, Poughkeepsie, NY

    12601.  Plaintiff was hired as a deli  by ADAMS on April 6, 2015.


10. Plaintiff worked full-time and later switched to part time. Plaintiff  worked from 12h30 pm to 8

    pm on Saturdays; 10:30 am to 7:00 pm on Sundays; and 4 am to 8 pm on Tuesdays.


11. Plaintiff's duties as a deli clerk were to serve customer, slice meet and cheese, clean and sweep the

    area.


12. Plaintiff was making $ 15.50 per hour as base pay. Plaintiff had 62 hours vacation and sick days-

    time when he was terminated.


13. On or about December 10, 2021, Manager Matthews terminated Plaintiff because Plaintiff

    requested medical leave by using his sick-day leave.


14. In Fact, on Tuesday, December 7, 2021, Plaintiff requested medical leave from 12/11/2021 to

    12/12/2021 because he had a shoulder injury that he wanted to take care of.


15.  On December 10, 2021, Plaintiff sent a text to Manager Matthews to inquire about the status of

    his request for sick leave. The manager refused to approve the sick leave, and terminated Plaintiff.

## <u>AS AND FOR A FIRST CAUSE OF ACTION BASED ON RETALIATION UNDER THE FAMILY MEDICAL LEAVE ACT (FMLA)</u>

16. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 1 through 15 of this Complaint with the same force and effect as if fully set forth herein.

17. That upon information and belief, ADAMS hired Plaintiff as a deli clerk on or about the year 2015 as a full-time employee.

18. In 2020, due to the COVID-19, Plaintiff became a part-time employee of ADAMS.

19. That at all times hereinafter mentioned, Defendant ADAMS was the employer of Plaintiff.

20. That at all times hereinafter mentioned, an employer-employee relationship existed between Defendant ADAMS and Plaintiff on April 6, 2015.

21. That Defendant ADAMS employed, at all relevant times, more than 50 employees for each working day during each of 20 or more calendar weeks in each calendar year relevant hereto.

22. That Defendant was, at all relevant times, an employer of Plaintiff within the meaning of 29 U.S.C. 2611(4)(A) and 42 U.S.C. 12102(5)(A).

23. That Plaintiff is a person entitled to protection pursuant to the provisions of 42 U.S.C 12111(8), or alternatively or conjunctively, pursuant to 29 U.S.C 2611(2)(A) to be treated as an employee within the meaning of the FMLA.

4

24. That Plaintiff worked for Defendant from April 2015 to December 10, 2021 and Plaintiff had worked for more than 1, 250 hours in the 12 months preceding his request for medical leave.

25. That on December 7, 2021, Plaintiff invoked his statutory rights for leave pursuant to the FMLA to care for his serious medical situation.

26. That Plaintiff was qualified to work as a deli clerk for ADAMS and had sixty-two hours of vacation and sick days.

27. That ADAMS terminated Plaintiff's employment because he asked for a leave to seek medical treatment on December 7,2021 from December 11, 2021 to December 12, 2021 .

28. That ADAMS terminated Plaintiff's employment once Plaintiff asked for the status of his request sick leave on December 10, 2021.

29. That Plaintiff's termination violated the FMLA.

30. By the reason of the foregoing Plaintiff has suffered severe damages including but not limited to loss earning and benefits, emotional distress, interest on unpaid earning and benefits, costs and legal fees.

31. That Plaintiff seeks all lawful remedies under the applicable statutes, including but not limited to back pay, front pay, compensatory damages, punitive damages, attorneys' fees, administrative costs, and all other relief that this Court deems just and proper

32. By the reason of the foregoing, Plaintiff has been damaged in a monetary sum far exceeding the jurisdictional limitations of all the lower courts of the State of New York.

   **WHEREFORE** , Plaintiff  seeks judgment against ADAMS in the amount of  One Million ($1,000,000) Dollars compensatory and punitive damages, plus attorney fees and costs.

### AS AND FOR A SECOND CAUSE OF ACTION BASED ON DISABILITY DISCRIMINATION UNDER NEW YORK STATE EXECUTIVE LAW § 296(1) AND THE NEW YORK STATE HUMAN RIGHTS LAW (NYSHRL)

(Against ADAMS and Manager Matthew Graner)

33. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 16 through 32 of this Complaint with the same force and effect as if fully set forth herein.

34. That at all times, hereinafter mentioned, Plaintiff was an employee of ADAMS.

35. That at all times hereinafter mentioned, Plaintiff was an employee of ADAMS since April 2015 .

36. That at all times hereinafter mentioned, Plaintiff was a DELI CLERK at ADAMS since April 2015.

37. That Manager Matthew Graner was the manager of Plaintiff.

38. That Manager Matthew had the authority to hire and to terminate employment of ADAMS' employees.

6

39. That Defendant was the employer of Plaintiff.

40. That Plaintiff was the employee of Defendants.

41. That Plaintiff worked as a deli clerk and was a full-time employee and part-time employee.

42. That Plaintiff duties were serving customers, slicing meet, and cheese, cleaning, and sweeping the deli area.

43. That Plaintiff worked more than one hundred and thirty hours bi-weekly for Defendant ADAMS.

44. That a relationship employer-employee existed between Defendant ADAM and Plaintiff since 2015.

45. That at all times hereinafter mentioned, Plaintiff had never had any complaint filed against him in the scope of Plaintiff's employment.

46. That at all times hereinafter mentioned, Plaintiff had never received any blame, disciplinary action, or any warning against him within his scope of his employment.

47. That all times hereinafter mentioned, on or about December 07, 2021, Plaintiff had serious medical issues during the course of his employment.

48. That at all times hereinafter mentioned, on or about December 07, 2021, Plaintiff was working when he asked for sick leave because of his shoulder injury.

49. That at all times hereinafter mentioned, on or about December 07, 2021,  Manager Matthew Graner terminated Plaintiff's employment.

50. That Defendant terminated Plaintiff because of his health situation.

51. That Plaintiff had a shoulder injury.

52. That at all times hereinafter mentioned, Plaintiff was under medical treatment.

53. That at all times hereinafter mentioned, on December 7,2021, Plaintiff could not work because of Plaintiff's medical condition and Plaintiff's informed his employer of his health condition.

54. That at all times hereinafter mentioned, on December 10, 2021, Manager Matthew Graner declined to approve the  sick leave request , and informed Plaintiff that his employment was terminated because of his health issues.

55. That at all times hereinafter mentioned, Plaintiff suffered from a medical condition which qualifies as a disability.

56. That at all times hereinafter mentioned, Defendants ADAMS and Manager Graner were aware of Plaintiff's medical condition.

57. That at all times hereinafter mentioned, Defendants knew, should have known, and had reason to know that Plaintiff was undergoing medical treatment for Plaintiff's medical conditions.

58. That at all time hereinafter mentioned, Plaintiff was under a medical condition and suffered from a disability.

59. That at all time hereinafter mentioned, Plaintiff was qualified for the position of deli clerk.

60. That at all times, hereinafter mentioned, Plaintiff was demoted, terminated because of Plaintiff's medical condition.

61. That at all times hereinafter mentioned, Defendant breached New York State and federal laws related to human rights laws.

62. That the statute of limitation is not expired.

63. By the reason of the foregoing Plaintiff has suffered severe damages including but not limited to loss earning and benefits, emotional distress, interest on unpaid earning and benefits, costs and legal fees.

64. That Plaintiff seeks all lawful remedies under the applicable statutes, including but not limited to back pay, front pay, compensatory damages, punitive damages, attorneys' fees, administrative costs, and all other relief that this Court deems just and proper.

**WHEREFORE** , Plaintiff seeks judgment against ADAMS in the amount of One Million

($1,000,000) Dollars compensatory and punitive damages, plus attorney fees and costs.


## AS A THIRD CAUSE OF ACTION BASED ON FAILURE TO ACCOMMODATE UNDER NEW YORK EXECUTIVE LAW § 296


65. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 33

through 64 of this Complaint with the same force and effect as if fully set forth herein.


66. That at all times hereinafter mentioned, and upon information and belief, Defendants hired

Plaintiff as a deli clerk from on April 6 , 2015.


67. That Defendant ADAMS, was the employer of Plaintiff.


68. That Plaintiff was the employee of Defendant.


69. That Plaintiff worked as a deli clerk.


70. That a relationship employer-employee existed between Defendant and Plaintiff since 2015.


71. That Plaintiff was qualified to perform the essential functions of deli clerk with or without

accommodations.


72. That Defendant never proposed a reasonable accommodation to Plaintiff.

73. That Defendant never proposed to Plaintiff a vacant funded position or virtual position during the medical leave request.

74. Defendant ADAMS failed to accommodate Plaintiff by providing the  time for sick leave that Plaintiff was entitled to.

75. That Defendant terminated Plaintiff's position.

76. By the reason of the foregoing Plaintiff has suffered severe damages including but not limited to loss earning and benefits, emotional distress, interest on unpaid earning and benefits, costs and legal fees.

77. That Plaintiff seeks all lawful remedies under the applicable statutes, including but not limited to back pay, front pay, compensatory damages, punitive damages, attorneys' fees, administrative costs, and all other relief that this Court deems just and proper.

**WHEREFORE** , Plaintiff  seeks judgment against ADAMS in the amount of  One Million ($1,000,000) Dollars compensatory and punitive damages, plus attorney fees and costs.

## AS AND FOR A FOURTH CAUSE OF ACTION BASED ON WRONGFUL TERMINATION

78. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 65 through 77 of this Complaint with the same force and effect as if fully set forth herein.

79. That at all times hereinafter mentioned, and upon information and belief, Defendant hired Plaintiff as a deli clerk on or about April 2015.

80. That Defendant ADAMS was the employer of Plaintiff.

81. That Plaintiff was the employee of Defendant.

82. That Plaintiff worked as a deli clerk .

83. That a relationship employer-employee existed between Defendant and Plaintiff since 2015.

84. That Plaintiff has never received a complaint, a warning, blame or any other sanctions within the scope of her employment.

85. That Plaintiff had a perfect record while working for ADAMS.

86. That at all times hereinafter mentioned, Defendants ADAMS, and manager Graner terminated Plaintiff after Plaintiff requested sick leave for his serious illness.

87. That Defendants terminated Plaintiff because of Plaintiff's medical condition.

88. That upon information and belief, Defendants told other employees that Plaintiff was terminated because of Plaintiff's medical condition.

89. That Plaintiff's employment termination was not based on a just and good cause and Defendant was in breach of express warranty.

90. That Plaintiff's employment was wrongfully terminated.

91. By the reason of the foregoing Plaintiff has suffered severe damages including but not limited to loss earning and benefits, emotional distress, interest on unpaid earning and benefits, costs and legal fees.

92. That Plaintiff seeks all lawful remedies under the applicable statutes, including but not limited to back pay, front pay, compensatory damages, punitive damages, attorneys' fees, administrative costs, and all other relief that this Court deems just and proper.

**WHEREFORE** , Plaintiff seeks judgment against ADAMS in the amount of One Million ($1,000,000) Dollars compensatory and punitive damages, plus attorney fees and costs.

## AS AND FOR A FIFTH CAUSE OF ACTION BASED ON BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

93. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 78 through 92 of this Complaint with the same force and effect as if fully set forth herein.

94. That upon information and belief, Defendants hired Plaintiff as a deli clerk on or about 2015.

95. That at all times hereinafter mentioned, Plaintiff was a full-time employee of ADAMS since 2015 and part time in 2020.

96. That at all times hereinafter mentioned, Defendant ADAMS was the employer of Plaintiff.

97. That at all times hereinafter mentioned, an employer-employee relationship existed between Defendant and Plaintiff since June 2015.

98. That under New York Law, all contracts carry with them an implied covenant of good faith and fair dealing in the course of performance.

99. That Plaintiff's injuries occurred performing his duties and working for Defendant.

100.                                    That Defendant terminated Plaintiff's employment because of Plaintiff's requested medical leave.

101.                                    That Defendant breached the implied covenant of good faith and fair dealing under New York Law.

102.                                    By the reason of the foregoing Plaintiff has suffered severe damages including but not limited to loss earning and benefits, emotional distress, interest on unpaid earning and benefits, costs and legal fees.

103.                                    That Plaintiff seeks all lawful remedies under the applicable statutes, including but not limited to back pay, front pay, compensatory

damages, punitive damages, attorneys' fees, administrative costs, and all other relief that this

Court deems just and proper

**WHEREFORE** , Plaintiff  seeks judgment against ADAMS in the amount of  One Million

($1,000,000) Dollars compensatory and punitive damages, plus attorney fees and costs.

## **JURY TRIAL DEMAND**

A jury trial is hereby demanded on all issues.

Dated:  At Wappingers Falls, New York
       June 30 , 2022

By:  /s/ryannekonan

Ryanne Konan, Esq.
4 Marshall Road, Suite 248
Wappingers Falls, NY 12590
Tel: (845) 309-3432
Fax: (845) 231-0508
RK2889